WILLIAM R. SAMUELS (State Bar No. 246049)
bill@wrsamuelslaw.com
W. R. SAMUELS LAW
A Professional Limited Liability Company
8 W. 40th Street, 12th Floor
New York, New York 10018
Telephone (212)206-9399
Facsimile (917) 522-9615
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOES INTERNATIONAL AB,<br><br>         Plaintiff,<br><br>vs.<br><br>WUZLA, a corporation, aka XTouch, aka Poke Software Technology, aka RUNNERGAMES.<br>         Defendant. | Case No. CV 13-7102 PA (Ex)<br><br>**DEFENDANT'S NOTICE OF MOTION AND RULE 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)** |
| WUZLA, a corporation, aka XTouch, aka Poke Software Technology, aka RUNNERGAMES<br>         Counter-Claimant<br><br>vs.<br><br>GOES INTERNATIONAL AB,<br>         Counter-Defendant | Date: February 10, 2014<br>Time: 1:30pm<br>Courtroom: 15<br> Judge: Hon. Percy Anderson |

///

///

TO PLAINTIFF GOES INERNATIONAL AB AND ITS ATTORNEYS OF RECORD.

PLEASE TAKE NOTICE that on February 10, 2014 at 1:30pm in the Courtroom of the Honorable Percy Anderson of the above referenced court, located at 312 North Spring Street, Los Angeles, California, 90012, Defendant Wuzla, aka XTouch, aka Poke Software Technology, aka RunnerGames will move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (3) on the grounds that the court lacks personal jurisdiction and that venue is improper, or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a).

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Fang (Sophia) Yu, Esq., the files and records in this action, argument of counsel, and upon such other and further matter adduced at the hearing or of which the Court takes judicial notice.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 5, 2013.

Respectfully submitted, and dated: January 3, 2014

/s/ WILLIAM R. SAMUELS
William R. Samuels
Attorney for Wuzla

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................. 7

II. FACTUAL BACKGROUND ............................................. 8

  A. Defendant Wuzla ...................................................... 8

  B. Goes and its allegations regarding infringement by Wuzla ............................ 9

III. DISCUSSION .............................................................. 9

  A. Wuzla is not Subject to Personal Jurisdiction in the State of California .......... 9

    1. This Court Lacks General Personal Jurisdiction ........................................ 10

    2. This Court Lacks Specific Personal Jurisdiction ...................................... 11

      a. Wuzla Did Not Purposefully Direct Their Activities at California ..................... 12

        i. Wuzla has not committed an Intentional Act ....................... 13

        ii. Wuzla did not Commit an Intentional Act Expressly Aimed at California .......................... 13

        iii. Wuzla did not know Goes was Likely to Suffer Harm in California ........................ 14

      b. The Alleged Claim Does Not Arise Out of or Relate to Defendant's Forum-Related Activities ................................ 15

      c. Exercise of Jurisdiction Is Not Reasonable ................................... 16

  B. Venue Is Improper in this Judicial District under 28 U.S.C. §1400(a) .......... 18

  C. Court Should Exercise Discretion to Transfer this Lawsuit .......................... 19

    1. Venue is Proper in the Central District of California ............................... 20

    2. Venue is Proper in the Eastern District of New York ............................... 20

    3. Transfer Will Serve the Convenience of the Parties and Witness and Will Promote the Interests of Justice .............................. 21

IV. CONCLUSION .......................................................... 23

# TABLE OF AUTHORITIES

1

**Cases**

2

*Allstar Mktg. Group, LLC. V. Your Store Online, LLC,* 666 F. Supp. 2d 1109 (C.D.

3

Cal. 2009) ..................................................................................................23

4

*Amba Marketing Systems, Inc. v. Jobar Intern.*, 551 F.2d 784 (9th Cir. 1977) .......10

5

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995)...............................................10

6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000).....11,

7

13, 15

8

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ......................................10, 12

9

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ....13,

10

14, 15, 19

11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .........................................16

12

*Calder v. Jones*, 465 U.S. 783 (1984)...........................................................12, 13

13

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004).......16, 17, 18

14

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106

15

F.3d 284 (9th Cir. 1997) ...........................................................................14, 19

16

*Commodity Futures Trading Comm'n v.* Savage, 611 F.2d 270 (9th Cir. 1979) .....20

17

*Core-Vent Corp v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ..................16, 18

18

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) 20, 21

19

*DIRECTTV, Inc. v. EQ Stuff Inc.*, 207 F. Supp. 2d 1077 (C.D. Cal. 2002).............22

20

*Dole Food Co., Inc., v. Watts*, 303 F.3d 1104 (9th Cir. 2002) .......... 9, 12, 14, 16, 17

21

*Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998) .......................14, 19

22

*Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114 (9th Cir. 2002) ..........11

23

*Goldberg v. Cameron*, 482 F. Supp. 2d 1136 (N.D. Cal. 2007)............................19

24

*Goodyear Tire & Rubber Co. v. McDonnel Douglas Corp.*, 820 F.Supp 503 (C.D.

25

Cal. 1992) ..................................................................................................20

26

*Harris Rutsky & Co Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th

27

Cir. 2003)...............................................................................................10, 18

28

*Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408 (1984)............10

*Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474 (9th Cir. 1986) ............................11

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ................................................10

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ...............................21

*Lou v. Belzberg,* 834 F.2d 730 (9th Cir. 1987) ........................................................21

*Love v. Associated Newspapers*, 611 F.3d 601 (9th Cir. 2010)...............................13

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) ....................................21

*Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174 (1923)........................................19

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011)....12, 14

*Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007)................................................12, 17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073 (C.D. Cal. 2002) ................................................................................................14

*Pacific Car and Foundry Company v. Pence*, 403 F. 2d 949 (9th Cir. 1968)..........22

*Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)............17

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ...................................10

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) .....................10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .......12, 13

*Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985)......................20

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)......................................................10

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ...........................................21

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ...................20

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012) ...13

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antise-mitisme*, 433 F.3d 1199 (9th Cir. 2006) ..................................................................................................12

**Statutes**

17 U.S.C. §501 .............................................................................................................9

28 U.S.C. § 1338(a) ................................................................................9

28 U.S.C. § 1400(a) ......................................................................7, 9, 19

28 U.S.C. § 1404(a) ...........................................................................2, 19

28 U.S.C. §1391(b)(3) ............................................................................20

Cal. Civ. Proc. Code §410.10 ................................................................10

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

### I.   Introduction

Defendant and Counter-Claimant Wuzla ("Wuzla") respectfully requests the Court to dismiss this lawsuit on the basis of lack of personal jurisdiction and improper venue. Neither Wuzla nor Plaintiff/Counter-Defendant Goes International AB ("Goes") reside in the state of California or in this judicial district. Wuzla is a corporation formed and with its principal place of business in the People's Republic of China. Goes is a corporation having its principal place of business in Sweden. Furthermore, Wuzla has not: (1) owned or leased real or personal property in the State of California; (2) owed or been required to pay taxes to the State of California; (3) maintained an office in the State of California; (4) maintained a registered agent for service in the State of California; (5) had employees in the State of California; (6) conducted print, television, or any type of advertising that was directed to California residents; or (7) conducted promotions or sponsored events in the State of California.

Wuzla has not directed its business activities to the State of California, could not have reasonably anticipated being haled into court here, and therefore this Court lacks personal jurisdiction over Wuzla. Venue is similarly improper because Wuzla has even less of a connection to this judicial district. Under the statute governing venue in copyright actions, 28 U.S.C. § 1400(a), venue lies only "in the district in which the defendant or his agent resides or may be found." Neither of those conditions are met.

The sole contacts purportedly supporting personal jurisdiction and venue is the distribution of allegedly infringing material downloaded by California residents through digital distribution websites, namely Google Play and Apple's App Store.

Because personal jurisdiction and venue are improper, Goes' Complaint should be dismissed. However, if the Court finds that personal jurisdiction and venue are proper, the convenience of the parties and witnesses, the disparity of means between the parties, and concerns of efficiency warrant a transfer of the action to the Eastern District of New York.

## II.   Factual Background

### A. Defendant Wuzla

Wuzla is a corporation organized and existing under the laws of the People's Republic of China, province of Fujiang. (Declaration of Fang (Sophia) Yu, Esq., ("Yu Decl."), ¶ 5)). Wuzla's principal place of business is in Fuzhou City, Fujiang, in the People's Republic of China. (Yu Decl., ¶ 6). Wuzla is a doing business under several trade names, including XTouch, Poke Software Technology, and Runnergames. (Yu Decl., ¶ 6). Wuzla creates a variety of interactive software games for use on mobile devices running the Apple, Inc.'s iOS operating system and Google, Inc.'s Android operating system. (Yu Decl., ¶ 8). Wuzla, upon completion of the development of an interactive software game, uploads the game to Apple's App Store and/or Google Play for distribution. (Yu Decl., ¶ 9). Once uploaded to Apple's App Store and/or Google Play, the game is available for download to anyone with a device having an Android or iOS mobile device. As such, Wuzla's interactive software game is distributed through the websites and platforms owned by Apple, Inc., and Google, Inc. (Yu Decl., ¶ 9). Wuzla's Bubble Shoot game, which is the subject of Goes' Complaint, was available for download for free on Google Play and Apple's App Store. (Yu Decl., ¶ 10). Wuzla does not have any employees, either in the State of California or elsewhere in the United States. (Yu Decl., ¶ 11).  Wuzla does not have an office outside the province of Fujiang in the People's Republic of China. (Yu Decl., ¶ 12). Wuzla does not advertise in magazines, newspapers or through television or radio in the State of

California or anywhere in the United States of America. (Yu Decl., ¶ 13). Wuzla does not conduct events or sponsor promotions in the State of California or anywhere in the United States of America. (Yu Decl., ¶ 14). Wuzla has not owned or leased any real or personal property in California, nor has it ever owed or been required to pay taxes in California. (Yu Decl., ¶ 15). Wuzla has never maintained a registered agent for service in the State of California. (Yu Decl., ¶ 16).

### B. Goes and its allegations regarding infringement by Wuzla

On September 25, 2013, Goes filed the instant Complaint against Wuzla, alleging claims of copyright infringement pursuant to 17 U.S.C. §501. (Complaint, ¶44).

Goes describes itself as a resident of Sweden at all times mentioned in the Complaint. (Complaint, ¶ 2). Goes alleges that it designed and marketed an innovative video game, (Complaint, ¶ 1) and that it conducts a great deal of its business in the United States, including selling its games through Google Play and other U.S. distributors. (Complaint, ¶ 2).

Goes claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and that venue is proper pursuant to 28 U.S.C. § 1400(a). (Complaint, ¶ 4). Goes has not expressly stated in its Complaint what acts support jurisdiction and venue. The only allegation that arguably supports these claims is that Wuzla "also distributes games through Google Play and other U.S. distributors." (Complaint, ¶ 3).

## III. Discussion

### A. Wuzla is not Subject to Personal Jurisdiction in the State of California

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Dole Food Co., Inc., v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). As such, personal

jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United Sates." Cal. Civ. Proc. Code §410.10; *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of providing that the defendant has sufficient minimum contacts with the forum state that warrant the court's exercise of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). *Harris Rutsky & Co Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Here, Goes cannot "simply rest on the bare allegations of its complaint," but rather must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Intern.*, 551 F.2d 784, 787 (9th Cir. 1977).

A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if he or she has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotations omitted). Personal jurisdiction may be either general or specific. *Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). For the reasons provided below, Wuzla is subject to neither.

### 1.  This Court Lacks General Personal Jurisdiction

General jurisdiction exists where the business contacts with the forum state are so substantial, continuous and systematic that they "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The types of contacts with a forum state determined by courts to confirm general jurisdiction include ownership of property, the maintenance of bank accounts, having employees, soliciting business, or having a designated agent in the state. *See Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1124-25 (9th Cir. 2002). Conversely, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

Wuzla's contacts with California do not approximate those necessary to confer general jurisdiction; the contacts Wuzla may have had with California, if any, are not substantial, continuous, or systematic activity sufficient to establish this Court's general jurisdiction. Wuzla does not have offices or employees in California, it is not licensed to do business in California, it owns no property in California, pays no taxes in California, and has never actively advertised its products or promoted its business is California. *See Bancroft & Masters, Inc.*, 223 F.3d at 1086. Any contacts in this case are the result of fortuitous downloads via Apple's App Store or Google Play, and the location of these downloads are entirely out of Wuzla's control. As such, general jurisdiction is improper.

## 2.  This Court Lacks Specific Personal Jurisdiction

The exercise of personal jurisdiction over a non-resident defendant requires the presence of two factors: (1) California's law must provide for a basis for exercising personal jurisdiction, and (2) the assertion of personal jurisdiction must comport with due process. *Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986). Because California's long-arm jurisdiction statue is coextensive

with federal due process requirements, the jurisdiction analyses under state law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

Courts in the Ninth Circuit use a three part test to determine whether specific personal jurisdiction exists: (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802; *Boschetto v. Hansing*, 539 F.3d at 1016. The plaintiff bears the burden of satisfying the first two prongs; if either of these prongs is not satisfied, personal jurisdiction is not established. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802; *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d at 1228; *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).

### a.  Wuzla Did Not Purposefully Direct Their Activities at California

The first prong may be satisfied by a showing of either purposeful availment or purposeful direction. In a tort case, courts focus on the latter, applying the "effects" test set forth in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d at 1228; *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)*; Menken v. Emm*, 503 F.3d at 1059; *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Because Goes has alleged copyright

infringement, which is a tort-like cause of action, this Court applies the purposeful direction framework set forth in *Calder*. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012); *Mavrix*, 647 F.3d at 1228; *See also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 801-02. *Calder*'s effects test requires a plaintiff to demonstrate that the defendant allegedly: (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) *quoting Yahoo!*, 433 F.3d at 1206.

i.    <u>Wuzla has not committed an Intentional Act</u>

The first prong of the *Calder* test requires an intentional act by Wuzla. However, Goes has failed to allege Wuzla has committed any intentional act. Albeit true that Wuzla did make Bubble Shoot available on digital distribution platforms, like Google Play, the intentional act of making Bubble Shoot available is insufficient to establish Wuzla committed an intentional act.

ii.    <u>Wuzla did not Commit an Intentional Act<br>Expressly Aimed at California</u>

The requirement of "express aiming" in the *Calder* test is satisfied where the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff who the defendant knows to be a resident of the forum state. *Calder v. Jones*, 465 U.S. at 789. "Subsequent cases from [the Ninth] circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting a known forum resident." *Bancroft & Masters, Inc.*, 223 F.3d at 1087.

It should be noted that an intellectual property misuse claim, such as a claim for copyright infringement, can be considered "expressly aimed" at California if the victim is in California. *Love v. Associated Newspapers*, 611 F.3d 601, 609 (9th Cir. 2010). However, if the victim is not a resident of California, even an

1    intentional misuse of intellectual property is not "expressly aimed" at California.

2    *Id*; *See also Brayton Purcell*, 606 F.3d at 1129-30.

3          Here, Wuzla is alleged to have harmed Goes, which is not a forum resident.

4    Indeed, Goes alleges in its Complaint that "[Goes] is now, and all times mentioned

5    in this complaint was, a resident of Sweden." (Complaint, ¶ 2.) Since Goes has no

6    allegations that Wuzla committed any acts expressly aimed at the State of

7    California, coupled with the fact that Goes is not a resident of the State of

8    California, this prong of the *Calder* test fails.

9          Therefore, for the reasons stated above, Wuzla not subject to the personal

10   jurisdiction of the State of California.

11                    iii.    <u>Wuzla did not know Goes was Likely to Suffer</u>
12                            <u>Harm in California</u>

13         Even if the "express aiming" requirement of the *Calder* test were satisfied,

14   Goes has not suffered any harm in California from Wuzla's alleged infringement.

15   Courts find this prong satisfied where the plaintiff resides in the forum state and

16   can argue that the injury is caused in the forum state. *See, e.g., Metro-Goldwyn-*

17   *Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1090 (C.D. Cal. 2003);

18   *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106

19   F.3d 284, 289 (9th Cir. 1997), *overruled on other grounds* by *Feltner v. Columbia*

20   *Pictures Television*, 523 U.S. 340, 118 S.Ct. 129, 140 L.Ed.2d 438 (1998). In

21   determining the situs of a corporation's injury, "[o]ur precedents recognize that in

22   appropriate circumstances a corporation can suffer economic harm both where the

23   bad acts occurred and where the corporation has its principal place of business."

24   *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d at 1231 *quoting Dole*

25   *Food Co., Inc. v. Watts* 303 F.3d at 1113.

26         In all of the above referenced cases, the defendant is alleged to have

27   infringed on copyrighted material of a plaintiff who defendant knew had its

28

principal place of business in California. This critical element is missing in the case at hand—by Goes' own pleading, Goes is not and has not been a resident of California, nor does it have its principal place of business in California. Even when assuming Wuzla has committed an intentional act, such act did not have "foreseeable effects" in the State of California. *See Bancroft*, 223 F.3d at 1087. In this case, it is not foreseeable that Goes would be harmed by the alleged infringement and that such harm would occur in California—because Goes' is not a resident of the State of California, no foreseeable alleged harm against Goes could have occurred in California. *Cf. Brayton Purcell v. Recordon & Recordon*, 606 F.3d at 1131. Therefore, because Goes specifically alleged in its Complaint that Goes is now, and has been at all times mentioned in the complaint a resident of Sweden, it is not possible that Goes could have suffered any harm in California, nor is it possible for Wuzla to know that a harm would have been suffered in California.

As such, for the reasons stated above, Wuzla is not subject to the personal jurisdiction of the State of California because Wuzla did not know Goes was likely to suffer harm in California, nor did Goes suffer any harm in the State of California.

### b. The Alleged Claim Does Not Arise Out of or Relate to Defendant's Forum-Related Activities.

As discussed above, Wuzla has not engaged in the type of forum-related activities upon which specific personal jurisdiction can be conferred. Those types of activities consist of acts towards a California resident that Wuzla would have known would cause harm in California. Such activities do not exist in this case, given that Goes is a resident and corporation in Sweden, and that no harm was suffered by Goes in California. As such, for the foregoing reasons, Wuzla is not subject to the personal jurisdiction in the State of California.

### c.  Exercise of Jurisdiction Is Not Reasonable

The third and final part of the specific personal jurisdiction analysis examines whether exercise of the jurisdiction would comport with fair play and substantial justice, i.e., it must be reasonable. If the plaintiff has demonstrated sufficient minimum contacts with the forum state, the burden shifts to the defendant to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). The defendant must demonstrate that the exercise of personal jurisdiction fails to "comport with fair play and substantial justice." *Dole Food Co., Inc., v. Watts*, 303 F.3d at 1111. The court considers seven factors to determine whether exercising personal jurisdiction is reasonable: (1) the extent of defendant's purposeful interjection into the forum state's affairs; (2)  the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id*. at 1114; *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004). No one factor is dispositive. *Core-Vent Corp v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1994).

The first factor weights in Wuzla's favor because Wuzla's contacts, if any, are insufficient to meet the purposeful direction prong of the personal jurisdiction analysis. *See Core-Vent Corp v. Nobel Indus. AB*, 11 F.3d at 1487-88. Because Goes has not suffered any harm in the State of California, nor could Wuzla have known that Goes' would suffer any harm by Wuzla's alleged infringement, Goes has failed to satisfy the purposeful direction prong of the specific personal jurisdiction analysis. Moreover, "[t]he smaller the elements of purposeful

interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.*

The second factor also weights in Wuzla's favor. The burden of defending in California would be substantial because Wuzla is small company consisting of five employees (Yu Decl., ¶ 7). Wuzla resides and operates its business in the People's Republic of China, province of Fujiang. Wuzla has no employees, property, or any other contacts with California and would be required to travel to California to defend against this action. All of Wuzla's key employees and witnesses are located in the People's Republic of China. Albeit accurate that "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden [of litigation in a forum other than one's residence] is substantially less than in days past" *Menken v. Emm*, 503 F.3d at 1060 (9th Cir.2007) (*quoting CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d at 1112 (9th Cir.2004)); see also, e.g., *Dole Food*, 303 F.3d at 1115; *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). However, the costs of providing translators, transportation, and housing during discovery still substantially increases the financial burden on Wuzla to defend against this suit.

The third factor is neutral. This factor "entails an examination of the competing sovereign interests" at stake in a case. *Dole Food Co.*, 303 F.3d at 1115. Goes' Complaint states only copyright claims, which are governed by federal law. Therefore, the same laws would be applied regardless of whether the suit was adjudicated in California or another state.

Regarding the fourth factor, it is true that California has a strong interest in providing means of redress to its residents. *Panavision International, L.P. v. Toeppen*, 141 F.3d at 1323 (9th Cir. 1998). However, in the present action, neither Goes nor Wuzla are residents of California. Therefore, California has little to no

1  interest in providing a venue for the non-resident parties involved in this dispute.

2  As such, this factor weights in Wuzla's favor.

3          The fifth factor also weighs in favor of Wuzla. When evaluating this factor,

4  courts look "primarily at where the witnesses and the evidence are likely to be

5  located." *Core-Vent Corp v. Nobel Indus. AB*, 11 F.3d at 1489. Because none of

6  the parties reside in California, it is unlikely that many witnesses or much evidence

7  will be located within California. The majority of Wuzla's evidence and witnesses

8  are located in the People's Republic of China, within the province of Fujiang. It

9  appears that Goes' primary reason for selecting California as the forum appears to

10 be that Goes' counsel is located in California.

11         The sixth factor is not of paramount importance. *CE Distrib., LLC v. New

12 Sensor Corp.*, 380 F.3d at 1112 *quoting Harris Rutsky & Co. Ins. Servs., Inc. v.

13 Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). As previously stated, it

14 appears that Goes' primary reason for selecting California as the forum is because

15 Goes' counsel is located in California. The State of California, by Goes' own

16 pleading, is not Goes' home forum. Therefore, the factor weighs in favor of Wuzla.

17         The seventh factor weighs in favor of Wuzla. Wuzla has been engaged with

18 outside general counsel located since at least as early as February 2013 within the

19 federal judicial district of the Eastern District of New York. (Yu Decl., ¶ 3) As

20 discussed further below, New York is a possible alternative forum.

21         For the foregoing reasons above, jurisdiction in the Central District of

22 California would be unreasonable.

23     **B. Venue Is Improper in this Judicial District under 28 U.S.C. §1400(a)**

24         The venue of a suit for infringement of copyright is not determined by the

25 general provision governing suits in the federal district courts. Rather, copyright

26 actions are subject to the venue provision set forth in the Copyright Act. 28 U.S.C.

27

28

§ 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176, 43 S.Ct. 312, 67 L.Ed. 596 (1923).

The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007); *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340, 118 S.Ct. 129, 140 L.Ed.2d 438 (1998); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d at 1128. Thus, for purposes of venue, the focus is on whether Wuzla would be subject to personal jurisdiction in the Central District of California. "The court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction." *Id.* at 1138.

As previously discussed in Section A above, Wuzla lacks sufficient contacts with the State of California to warrant the assertion of either general or specific personal jurisdiction over Wuzla. For both jurisdiction and venue purposes, Wuzla's purposeful contacts with the Central District of California, if any, are less than with the state of California as a whole. Wuzla has not directed any relevant actions to the Central District of California nor does Wuzla have offices, employees, or property in the Central District of California. Assuming the Central District of California as a separate state, Wuzla's contacts are even more attenuated and the assertion of personal jurisdiction would be even more unreasonable. Therefore, for the reasons provided, venue is not proper in the Central District of California.

### C. Court Should Exercise Discretion to Transfer this Lawsuit

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. *Commodity Futures Trading Comm'n v.* Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witness and will promote the interests of justice. *Goodyear Tire & Rubber Co. v. McDonnel Douglas Corp.*, 820 F.Supp 503, 506 (C.D.Cal. 1992).

### 1.  Venue is Proper in the Central District of California

If this Court finds the above arguments unpersuasive, then venue would be proper in the Central District of California, thus satisfying proper venue in the transferor district.

### 2.  Venue is Proper in the Eastern District of New York

As for the transferee district, Wuzla provides that the instant action could have been brought in the Eastern District of New York. Under 28 U.S.C. §1391(b)(3), personal jurisdiction over a corporation may arise where a defendant has 'substantial' or continuous systematic contacts with the forum state, even if the case is unrelated to those contacts" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006). To determine whether those contacts are sufficient, the court considers "among other factors, where the defendant…designates an agent for service of process." *Id.* at 1172. As is the case here, Wuzla has been engaged with outside counsel to handle its legal issues within the United States—such

counsel is licensed to practice in the State of New York and has an office within the Eastern District of New York. As such, since Wuzla designated an agent for service of process, venue is proper in the Eastern District of New York.

### 3.   Transfer Will Serve the Convenience of the Parties and Witness and Will Promote the Interests of Justice

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22, 29 (1988). The court may consider: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The first factor is neutral here, as there are no relevant agreements between Goes and Wuzla. As for the second factor, it is neutral because this matter is brought under the Copyright Act, in which both the Central District of California and the Eastern District of New York both have original jurisdiction to hear the matter.

Typically, for the third factor, a plaintiff's choice of forum is entitled to deference. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d at 842; *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). However, less deference is given where the plaintiff has not chosen its home forum—that is, less deference should be provided when the lawsuit involves a non-resident plaintiff. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). Since neither party resides

in the Central District of California, Goes' choice of the Central District of California should not be entitled deference and should weigh in favor of Wuzla. *Pacific Car and Foundry Company v. Pence*, 403 F. 2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.").

The fourth factor should weigh in favor of transfer. Wuzla has very few, if any, contacts with the Central District of California. Goes admits that it is not a resident of California, nor does it allege any facts that it has contacts within the Central District of California. Indeed, it appears to have no connection whatsoever to this forum other than that its attorneys can be found here. As such, this factor weighs in favor of Wuzla.

The fifth factor also weighs in favor of Wuzla in supporting transfer. Goes has not alleged any facts regarding the contacts relating to the Goes' cause of action in the Central District of California. Because Goes is, and has been at all times alleged in the Complaint, a resident of Sweden, Goes does not have any contacts relating to Wuzla's alleged copyright infringement. As such, this factor weighs in favor of Wuzla.

The differences in the costs of litigation weighs in favor of transfer of venue. A transfer of venue would be inappropriate if it merely shifts the costs of litigation from defendant to plaintiff. *DIRECTTV, Inc. v. EQ Stuff Inc.*, 207 F. Supp. 2d 1077, 1083-84 (C.D. Cal. 2002) Indeed, transfer to the Eastern District of New York is actually more convenient for Goes than the Central District of California; although Sweden is located in Europe, New York is closer in proximity to Sweden than California. Also, Wuzla's employees rent personal housing located within the Eastern District of New York, thereby eliminating the costs of seeking housing in the Central District of California during litigation. (Yu Decl., ¶ 17) As such, the

cost of litigation in the Eastern District of New York is lower than litigating this matter in the Central District of California.

The availability of compulsory process to compel attendance of unwilling non-party witnesses is similar in both the Central District of California and the Eastern District of New York. In addition, neither party is prejudiced regarding the availability of compulsory process to compel attendance of unwilling non-party witness. As such, the seventh factor remains neutral.

As for the eighth factor, the convenience of non-party witness is often the most important factor in determining whether a transfer under §1404 is appropriate. *Allstar Mktg. Group, LLC. V. Your Store Online, LLC,* 666 F. Supp. 2d 1109, 132 (C.D. Cal. 2009). As previously discussed, most, if not all, of Wuzla's non-party witnesses are not located in California. In addition, the Central District of California has no interest in adjudicating this matter—neither party are residents of or have significant contacts with the State of California. As such, this factor weighs in favor of Wuzla.

Weighing all relevant factors, the Central District of California is not the proper venue for this action. Wuzla respectfully submits that this action should be transferred to the Eastern District of New York, which is the proper venue.

## IV.   Conclusion

As set forth above, Wuzla has not purposefully directed its actions to the State of California. Accordingly, it is are not subject to personal jurisdiction in the State of California. Fortuitous downloads of the allegedly infringing product through Apple's App Store or Google Play are insufficient to subject Wuzla to jurisdiction here. These contacts have not caused any harm to the State of California or its residents. Even assuming Wuzla is subject to jurisdiction, venue is improper in this judicial district. Under the venue rules applicable to copyright claims, venue is proper only in the "district where [a] defendant . . . resides or may

1  be found." Wuzla does not reside in this judicial district and may not "be found"

2  here for purposes of the venue analysis. Its connections with this judicial district

3  are even more attenuated than its connections to the State of California.

4  Accordingly, venue is improper. Finally, even assuming personal jurisdiction and

5  venue are proper, this action should be transferred to the Eastern District of New

6  York, where venue is proper due to Wuzla's contacts in that judicial district. None

7  of the parties are located in the Central District of California, and none of the

8  relevant witnesses will be located here. There is no local interest in adjudicating

9  this dispute in this district. Adjudicating the lawsuit in this judicial district would

10  result in a needless expenditure of resources of both parties. For the reasons set

11  forth herein, Wuzla respectfully requests that the Court grant its Motion and

12  dismiss or transfer this lawsuit.

13          Respectfully submitted, and dated: January 3, 2014

14                                                  /s/ WILLIAM R. SAMUELS
                                                    William R. Samuels
15                                                  Attorney for Wuzla

16

17

18

19

20

21

22

23

24

25

26

27

28