JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7102 PA (Ex) | Date | April 7, 2014 |
|---|---|---|---|
| Title | Goes Int'l AB v. Wuzla | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         IN CHAMBERS - COURT ORDER

         Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue or Dismiss filed by defendant Wuzla ("Wuzla") (Docket No. 20).  Also before the Court is a Motion to Dismiss Counterclaims filed by plaintiff and counterdefendant Goes International AB ("Goes") (Docket No. 21).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for April 14, 2014, is vacated, and the matters taken off calendar.

I.       Factual Background

         Goes commenced this action on September 25, 2013.  Goes, a Swedish company, alleges that Wuzla, a Chinese company, infringed its copyright by copying its "Bubble Bust" when Wuzla released its "Bubble Shoot" video game.  Both Bubble Bust and Bubble Shoot were distributed through Google Play, Apple's App Store, and through Amazon.  Goes alleges a single claim for copyright infringement under the Copyright Act.

         Wuzla filed its Answer and Counterclaim on November 22, 2013.  Wuzla's Answer asserts that this Court lacks personal jurisdiction over this action.  Wuzla's Counterclaim alleges that Goes has infringed Wuzla's trademark rights in "Bubble Shoot" and "Bubble Shooter" by changing the name of its "Bubble Bust" game to include "Bubble Shoot" or "Bubble Shooter" in addition to "Bubble Bust" in its listings on Google Play.  The Counterclaim alleges claims for: (1) trademark infringement under the Lanham Act; (2) false designation of origin under the Lanham Act; (3) unfair competition under the Lanham Act; (4) dilution of an unregistered trademark under the Lanham Act; and (5) attorney's fees under the Copyright Act.

II.      Analysis

         In its Motion to Dismiss, Wuzla contends that this Court lacks personal jurisdiction over it because, among other things, Goes, as a Swedish company with no significant contacts with California, has failed to establish that it has suffered harm here or that Wuzla could have known that Goes was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7102 PA (Ex) | Date | April 7, 2014 |
|---|---|---|---|
| Title | Goes Int'l AB v. Wuzla | | |

likely to suffer harm here.  See Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (applying the purposeful direction analysis requireing "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state").  Wuzla alternatively seeks transfer of this action to the Eastern District of New York, where it has retained counsel, has a registered agent for service of process, consents to jurisdiction, and is the location of housing rented by its employees.

In its Opposition, Goes claims that Wuzla's contacts with Google and Apple, which are both companies headquartered in California, and through which Wuzla distributed its version of Bubble Shoot and Bubble Shooter, are sufficient to confer personal jurisdiction over Wuzla in this Court.  Even if the Court were to accept the highly dubious proposition that Wuzla's dealings with Google and Apple supported the exercise of personal jurisdiction over Wuzla for a claim between Goes and Wuzla, Goes apparently ignores the fact that Apple and Google are both headquartered in the Northern District of California.  It is therefore unclear how those contacts, even if they were sufficient to allow a court in the Northern District of California to exercise jurisdiction over Wuzla, are sufficient to support this Court's exercise of personal jurisdiction within the Central District of California.  See 28 U.S.C. § 1391(d) ("For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is not such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.").  Other than an unknown number of sales through Google Play and Apple's App Store to residents of the Central District, Goes has supplied this Court with no evidence of Wuzla's contacts with the Central District of California that could support this Court's exercise of personal jurisdiction over Wuzla.

Goes alternatively relies on the federal long arm provision contained in Federal Rule of Civil Procedure 4(k)(2) to support this Court's exercise of personal jurisdiction over Wuzla.  Rule 4(k)(2) provides:

> For a claim that arises under federal law, serving a summons or filing a
> waiver of service establishes personal jurisdiction over a defendant if:
>
> (A)    the defendant is not subject to jurisdiction in any state's courts of
>        general jurisdiction; and
> (B)    exercising jurisdiction is consistent with the United States
>        Constitution and laws.

Fed. R. Civ. P. 4(b)(2).  In construing Rule 4(k)(2), and to avoid a plaintiff from having to prove that a defendant is not subject to the jurisdiction of the courts of all 50 states, the Ninth Circuit shifts the burden of proving personal jurisdiction over a defendant from the plaintiff to the defendant:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7102 PA (Ex) | Date | April 7, 2014 |
|---|---|---|---|

| Title | Goes Int'l AB v. Wuzla |
|---|---|

> [A] defendant who wants to preclude use of Rule 4(k)(2) has only to name
> some other state in which the suit could proceed.  Naming a more
> appropriate state would amount to a consent to personal jurisdiction
> there . . . .  If, however, the defendant contends that he cannot be sued in
> the forum state and refuses to identify any other where suit is possible,
> then the federal court is entitled to use Rule 4(k)(2).  This procedure
> makes it unnecessary to traipse through the 50 states, asking whether each
> could entertain the suit.

Holland America Line Inc. v. Wärtsilä N. Am., Inc., 485 F.3d 450, 461 (9th Cir. 2007) (quoting ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 552 (7th Cir. 2001)).  Here, Wuzla has consented to the personal jurisdiction of the Eastern District of New York in both its alternative Motion to Transfer and in its Reply.  (See Reply 3-4 n.2 ("Defendant consented to personal jurisdiction in New York in its Motion to Dismiss the complaint, and therefore Fed. R. Civ. P. 4(k)(2) is not applicable.").)

        For these reasons, it is highly doubtful that Goes could establish that this Court possesses personal jurisdiction over Wuzla.  However, the Court need not resolve the personal jurisdiction issues raised by Wuzla's Motion.  Although courts typically decide subject matter jurisdiction before personal jurisdiction, and personal jurisdiction before venue, the Supreme Court has ruled that courts possess the discretion to address questions of venue before resolving jurisdictional issues.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588, 119 S. Ct. 1563, 1572, 143 L. Ed. 2d 760 (1999) (holding that when an "alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction"); Leroy v. Great Western United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 67 L. Ed. 2d 464 (1979) (holding that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue").  Because of the significant personal jurisdiction issues raised by Wuzla's Motion, and its waiver of any personal jurisdiction defenses if the action were to proceed in the Eastern District of New York, the Court will address venue before considering the other issues raised by the Motion.

        A.      Motion to Transfer

        Under 28 U.S.C § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice."  A court may transfer venue in response to a motion by either party in the case, or upon its own motion.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).  However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other."  Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-7102 PA (Ex) | | Date | April 7, 2014 |
|---|---|---|---|---|
| Title | Goes Int'l AB v. Wuzla | | | |

Transfer under 28 U.S.C. §1404(a) is only available to districts in which the case "might have been brought" initially. Id. Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."

### 1.    This Action Could Have Been Brought in the Eastern District of New York

Plaintiff does not dispute that it could have commenced this action in the Eastern District of New York, where Wuzla has consented to that court's personal jurisdiction. The Court therefore concludes that this action could have been brought in the Eastern District of New York. See 28 U.S.C. § 1391(c).

### 2.    The Interests of Convenience and Justice Are Served By Transfer

In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations. See Decker Coal Co. v Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); E. & J. Gallo Winery v. F. & P. S.P.A., 899 F. Supp. 465 (E.D. Cal. 1994). The factors are each sub-categories of the three general factors listed in the text of section 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interest of justice. The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case. See e.g., id. at 466. There is a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here. Thus, rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.

#### a.    Plaintiffs' Choice of Forum

When considering a transfer, a court generally gives the plaintiff's choice of forum "great weight" and there must be a "strong showing of inconvenience" to upset that choice. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); Decker Coal Co., 805 F.2d at 843. Plaintiff's choice is given less weight, however, where the chosen forum lacks any significant contact with the activities alleged in the complaint. According to the Ninth Circuit:

> Plaintiff's choice of forum, then, is not the final word. In judging the
> weight to be given such a choice, as is the case with other types of actions,
> consideration must be given to the extent both of the defendant's business

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7102 PA (Ex) | Date | April 7, 2014 |
|---|---|---|---|

| Title | Goes Int'l AB v. Wuzla | | |
|---|---|---|---|

> contacts with the chosen forum and of the plaintiff's contacts, including
> those relating to his cause of action. If the operative facts have not
> occurred within the forum of original selection and that forum has no
> particular interest in the parties or the subject matter, the plaintiff's choice
> is entitled only to minimal consideration.

Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (footnote omitted); see also Saleh v.
Titan Corp., 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less
deference to the plaintiff's choice of forum where the action has little connection with the chosen
forum."). "The weight given to the plaintiff's choice of forum diminishes when the plaintiff resides
outside the chosen forum." Valadez Lopez v. Chertoff, 2007 U.S. Dist. LEXIS 56041, 2007 WL
2113494 at *2 (N.D. Cal. July 20, 2007); see also Gemini Capital Group v. Yap Fishing Corp., 150 F.3d
1088, 1091 (9th Cir. 1998) (district court correctly acted on Ninth Circuit authority in granting less
deference to plaintiffs' choice of forum where no plaintiff was a resident of that forum). "The policy
behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs
should be discouraged from forum shopping." Williams v. Bowman, 157 F. Supp. 2d 1103, 1107 (N.D.
Cal. 2001).

Plaintiff is headquartered in Sweden and has provided the Court with no information about its
contacts with the Central District of California. While both parties have utilized the online market
places of Google Play and the Apple App Store to distribute their video games, both Google and Apple
are headquartered in the Northern District of California. While both parties have presumably sold their
video games to consumers within the Central District of California, Goes maintains no staff here.
Instead, it appears that Goes retained counsel here, and initiated this action in the Central District of
California, without any significant ties to this forum or any particular rationale supporting a finding that
a substantial part of the events giving rise to Goes' claim occurred here. The Court therefore concludes
that Goes' choice of forum is entitled to no deference.

b.      Convenience to the Parties

Goes' headquarters are located in Sweden, while defendant is located in China. Except for it
having retained attorneys located in this District, the Central District of California is less convenient for
Plaintiff than is the Eastern District of New York, which would not require plaintiff to take an additional
transcontinental flight after crossing the Atlantic Ocean. Although the Eastern District of New York is
not necessarily closer to China than the Central District of California, Wuzla has determined that it is a
more convenient location for it to defend against Goes' claims. Based on these considerations, the Court
concludes that the convenience to the parties factor substantially in favor of venue in the Eastern District
of New York.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-7102 PA (Ex) | Date | April 7, 2014 |
|---|---|---|---|
| Title | Goes Int'l AB v. Wuzla | | |

c.    <u>Convenience to the Witnesses</u>

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." <u>Kannar v. Alticor, Inc.</u>, 2009 U.S. Dist. LEXIS 35091 at *4 (N.D. Cal. April 4, 2009) (internal citation omitted).  Further, "[i]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." <u>Id.</u>; <u>Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.</u>, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list.  Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.") (internal citation omitted).  Here, there do not appear to be any witnesses located within the Central District.  Goes does assert that employees of Google and Apple may appear as witnesses, but does not identify any particular witness or the subject of their testimony.  At most, however, it appears that those witnesses might be relevant, if at all, on the issue of damages, and have no information concerning the liability for copyright infringement.  Additionally, plaintiff's party-affiliated witnesses are presumably located in Sweden, which is closer the Eastern District of New York than it is to California.  Having weighed the evidence provided by the parties, the Court concludes that this factor weighs in favor of transfer.

d.    <u>Interests of Justice</u>

The final factor in the § 1404 analysis has been called a "catch-all" for various arguments.  <u>See</u> 17 James Wm. Moore, <u>Moore's Federal Practice</u> § 111.13[1][n], at 111-90 (3d ed. 2004).  "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'"  <u>Regents of the Univ. of Cal. v. Eli Lilly & Co.</u>, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting <u>Coffee v. Van Dorn Iron Works</u>, 796 F.2d 217, 220–21 (7th Cir. 1986)).  Both the Central District of California and the Eastern District of New York have extensive experience involving the litigation of copyright and trademark infringement actions and a substantially equivalent level of experience with the relevant federal law.  Plaintiff's filing of an action against defendant in a forum thousands of miles from where Wuzla is located, that has little or no connection to the events at issue, and in which Goes has no substantial contacts, raises the potential that plaintiff chose an inconvenient forum to unfairly increase defendant's defense costs and obtain an advantage in this litigation.  The interests of justice therefore weigh in favor of transfer to the Eastern District of New York.

<u>Conclusion</u>

For the foregoing reasons, the Court grants Wuzla's Motion, in the Alternative, to Transfer to the Eastern District of New York.  As a result of the Court's ruling on the Motion to Transfer, the Court need not address the issues raised by Wuzla's Motion to Dismiss for Lack of Personal Jurisdiction.  Goes' Motion to Dismiss the Counterclaim is denied without prejudice to its being re-noticed in the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7102 PA (Ex) | Date | April 7, 2014 |
|---|---|---|---|
| Title | Goes Int'l AB v. Wuzla | | |

transferee court.  The Clerk is ordered to transfer this action to the Eastern District of New York for the convenience of the parties and witnesses.  <u>See</u> 28 U.S.C. § 1404.

      IT IS SO ORDERED.